# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DUWAYNE ANGRY, | : | 1:09-cv-939 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| ALLEN A. SHAFFER, JR. & SON INSURANCE AGENCY, LLC, | : | |
| Defendant. | : | |

## MEMORANDUM

## October 9, 2009

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 13) which recommends that we dismiss this action on the basis of Plaintiff's failure to timely file his Amended Complaint, his failure to keep the Court apprised of his current address, and for his failure to comply with Orders of the Court. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] The R&R was filed on July 20, 2009, and objections were due by August 6, 2009. No objections were filed by that deadline. By Order dated September 23, 2009 (Doc. 17), we granted Plaintiff an *additional* ten days to file objections to the R&R. Such objections were due by October 7, 2009. To this date, none have been filed.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Plaintiff filed the above-captioned civil action against Defendant Allen A. Shaffer, Jr. & Son Insurance Agency, LLC alleging that the Defendant denied him insurance coverage. (Doc. 1). On May 28, 2009 and June 25, 2009, Magistrate Judge Blewitt ordered Plaintiff to file an amended complaint, which specifically

stated the basis for jurisdiction in this Court over the instant action. (Docs. 7 and 11). Plaintiff failed to file an amended complaint, and thereafter, through a well-reasoned R&R dated July 20, 2009 Magistrate Judge Blewitt recommended that we dismiss the case.

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R, notwithstanding the fact that Plaintiff was given multiple opportunities to file objections. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case sub judice.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY DUWAYNE ANGRY, | : CIVIL ACTION NO. **1:CV-09-0939** |
| Plaintiff | : (Judge Jones) |
| v. | : (Magistrate Judge Blewitt) |
| ALLEN A. SHAFFER, JR. & SON INSURANCE AGENCY, LLC, | : |
| Defendant | : |

**REPORT AND RECOMMENDATION**

On May 19, 2009, the *pro se* Plaintiff, who was then incarcerated at the Dauphin County Prison, Harrisburg, Pennsylvania, filed the above-captioned civil action which arises out of a May 20, 2008 automobile accident in Harrisburg, Pennsylvania, involving Plaintiff and a taxi cab owned by Capital City Cap Services. (Doc. 1). The Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).

On May 28, 2009, the Court directed Plaintiff to file an Amended Complaint within fifteen (15) days of the date of said Order. The Court explained the significant deficiencies with respect to Plaintiff's original Complaint, including but not limited to his failure to state the jurisdictional basis of this Court with respect to his case. (Doc. 7).[1]

On June 16, 2009, Plaintiff filed a document styled as "The Amendments," in which he quotes from the First, Seventh and Eighth Amendments to the United States Constitution. (Doc. 10). Plaintiff seemingly misconstrued the Court's May 28, 2009 Order as directing him to

---

[1] Plaintiff's case does not relate to the conditions of his confinement in Dauphin County Prison. Rather, as stated, this case concerns a May 2008 motor vehicle accident in which Plaintiff was involved with a taxi cab.

state the Constitutional Amendments under which his action is proceeding. As noted, Plaintiff did not raise any constitutional claims in his original Complaint.

As stated, we had construed Plaintiff's case to be a diversity action under § 1332 against his car insurance agent and the agent's company for their failure to provide him with insurance coverage for the May 2008 motor vehicle accident. We pointed out in our May 28, 2009 Order that Plaintiff failed to state any jurisdictional basis permitting him to proceed with his case in federal court. (Doc. 7, p. 2). Also, as we previously stated, Plaintiff did not file a civil rights action under 42 U.S.C. § 1983, and none of his constitutional rights are implicated in this case.

On June 25, 2009, the Court entered an Order which afforded Plaintiff one final opportunity to file a proper Amended Complaint within ten (10) days of the date of said Order. Said Order further stated that Plaintiff's failure, for the second time, to timely file an Amended Complaint would result in the issuance of a report and recommendation that his action be dismissed for failure to prosecute. (Doc. 11).

On July 7, 2009, the mailing containing the copy of our Doc. 11 Order which had been mailed to Plaintiff at his address of record was returned as Undeliverable. (Doc. 12). Plaintiff has not apprised the Court of his current address as he was required to do.

The time in which Plaintiff was to have filed his Amended Complaint has expired. The Plaintiff has neither filed his Amended Complaint nor requested an extension of time in which to do so.

2

An unrepresented party must maintain on file with the clerk a current address; all documents served at the address on file shall be deemed to be effective service on that party. Rule 83.18, M.D. Pa. Rules of Court.

In the Standing Practice Order filed in this action on May 19, 2009, it is set forth that:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 5, p. 5).

The Plaintiff has not had any contact with this Court since June 16, 2009, when he filed the document entitled "The Amendments." (Doc. 10). He has failed to notify the Court of his new address.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute his action and to comply with the Orders of this Court by his failure to file his Amended Complaint as directed and by his failure to keep the Court informed of his current address. Plaintiff should be deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that Plaintiff Angry's conduct clearly shows that he intended to abandon his case, we do not perform an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994).

Based on the foregoing, it is respectfully recommended that this action be dismissed on the basis of Plaintiff's failure to timely file his Amended Complaint, his failure to keep the Court apprised of his current address, and for his failure to comply with the Orders of the Court.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 20, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DUWAYNE ANGRY, | : | CIVIL ACTION NO. **1:CV-09-0939** |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ALLEN A. SHAFFER, JR. & SON | : | |
| INSURANCE AGENCY, LLC, | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 20, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

5

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt<br>
**THOMAS M. BLEWITT**<br>
**United States Magistrate Judge**

**Dated: July 20, 2009**